UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
Mar 08 2024
ARTHUR JOHNSTON, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MICHAEL MCCOY, JR.**                                                                                   **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 5:23-cv-00004-KS-BWR**

**JOHNATHAN GREEN**                                                                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Michael McCoy, Jr., brings this civil action under 42 U.S.C. § 1983, alleging that Captain Johnathan Green violated his constitutional rights. Compl. [1] at 2, 5-6. McCoy is a prisoner currently incarcerated with the Mississippi Department of Corrections, and he was housed at the Wilkinson County Correctional Facility in Woodville, Mississippi, when he filed his Complaint. *Id.* at 2. McCoy is proceeding *in forma pauperis*. Order [17]. Having thoroughly reviewed and liberally construed the record, the Court finds that McCoy's Complaint should be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

McCoy says that Captain Green denied him lunch and dinner on October 22, 2022. Compl. [1] at 5-7. McCoy claims that Captain Green "close[d] [his] tray flap" because a nurse reported that McCoy was exposing himself. *Id.* at 5. Captain Green promised to "open [his tray flap] back up" after the nurse "came through for pill call," but "lunch time came and Captain Green never returned." *Id.* An orderly

later informed McCoy that Captain Green "had left and [gone] home." *Id*. The orderly then slid McCoy's lunch "to him in a bag under the door." *Id*. When dinner time came, McCoy "had one of the guys to trade [him] a noodle for [his] tray because nobody was coming to feed [him] and [he] didn't want to eat off the floor again." *Id*.

McCoy reports that his "tray flap was opened the next morning for breakfast." *Id*. at 5-6. He "would like to be compensated for [his] pain and suffering and because of the cruel and unusual punishment." *Id*. at 7.

## II. Discussion

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id*.

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even

before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Because the Court has permitted McCoy to proceed *in forma pauperis*, Order [17], this case is subject to the provisions allowing for *sua sponte* dismissal under § 1915(e)(2)(B).

### B. ANALYSIS OF MCCOY'S CLAIM

To state a claim under § 1983, McCoy must allege that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court has determined that McCoy's allegations do not rise to the level of a constitutional deprivation.

The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded "humane conditions of confinement," including "adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quotation omitted). Relevant here, "[t]he Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation and alterations omitted). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal

3

civilized measure of life's necessities.'" *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). Only a "continuous and substantial denial of food" satisfies this standard. *See Talib*, 138 F.3d at 214 n.3.

McCoy has alleged nothing of this magnitude against Defendants. McCoy claims that he was denied two proper meals—lunch and dinner on October 22, 2022. Compl. [1] at 4-5. Assuming this is true, the denial of two meals does not demonstrate a constitutional injury. *See, e.g.*, *Shelby v. Dupree*, 574 F. App'x 397, 399 (5th Cir. 2014) (finding the denial of three meals per week for six weeks failed to state a constitutional violation); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951-51 (5th Cir. 2010) (finding the denial of six meals over a 54-hour period failed to state a constitutional violation); *Berry*, 192 F.3d at 508 (finding the denial of eight meals over seven months failed to state a constitutional violation); *Talib*, 138 F.3d at 214 n.3 (expressing doubt that a plaintiff who "missed about fifty meals in five months and lost about fifteen pounds" had stated a constitutional violation).

Moreover, McCoy claims no physical injury as a result of the missed meals. He does not claim that he lost weight or was denied a nutritionally or calorically adequate diet. *See Berry*, 192 F.3d at 508. He admits that he received lunch "in a bag under the door," and he apparently ate "a noodle" for dinner because he "didn't want to eat off the floor again." Compl. [1] at 5. He also admits that his "tray flap was opened the next morning for breakfast." *Id.* at 5-6. Having shown no physical injury, McCoy is not entitled to the compensatory damages that he seeks. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in

a jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

McCoy's Complaint should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See Taylor v. Kaylo*, No. 00-31077, 2001 WL 498686, at *1 (5th Cir. Apr. 12, 2001) (affirming dismissal of similar allegations as frivolous); *Berry*, 192 F.3d at 509 (affirming dismissal of similar allegations as frivolous and for failure to state a claim).

### III. Conclusion

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff Michael McCoy, Jr., is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this __8th__ day of March 2024.

                                        /S/Keith Starrett
                                        KEITH STARRETT
                                        SENIOR UNITED STATES DISTRICT JUDGE